[Cite as *Chase Home Fin. L.L.C. v. Middleton*, 2012-Ohio-5547.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHASE HOME FINANCE LLC | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 12 CA 10 |
| JACK MIDDLETON, et al. | |
|     Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No.  2010 CV 1030

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 29, 2012

APPEARANCES:

For Plaintiff-Appellee

PATRICIA K. BLOCK
LERNER, SAMPSON & ROTHFUSS
120 East Fourth Street
Suite 800
Cincinnati, Ohio  45201-5480

For Defendants-Appellants

DANIEL L. McGOOKEY
KATHRYN M. EYSTER
LAUREN McGOOKEY
McGOOKEY LAW OFFICES
225 Meigs Street
Sandusky, Ohio  44870

*Wise, J.*

**{¶1}** Defendant-appellant Jack Middleton appeals the judgment of the Court of Common Pleas of Fairfield County, Ohio, which overruled his Civ.R. 60(B) motion to vacate the court's prior judgment entered in favor of Plaintiff-appellee Chase Home Finance, LLC.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On April 25, 2007, Appellant Jack D. Middleton executed a promissory note in the amount of $136,500.00 with an interest rate of 9.800%, to Chase Bank USA, N.A. The Note was secured by a mortgage executed on the same date by Appellant to Chase Bank USA, N.A. encumbering the real property located at 11069 Wyandotte Road Southwest, Stoutsville, Ohio, 43154, and was recorded in the Fairfield County Recorder's Office. The Mortgage was assigned to Appellee Chase Home Finance, LLC, by Chase Bank USA, N.A. on August 11, 2010. Appellee is the current holder of both the Note and Mortgage.

**{¶3}** In March 2009, Appellant contacted the Federal Loan Modification Program in an effort to obtain a loan modification with Chase Bank USA.

**{¶4}** According to Appellant, the Federal Loan Modification Program told him that he did not have to make payments to Chase Bank USA during the loan modification review process, that this was considered a "grace period" or "forbearance period" and, that once he was approved for a loan modification, he would start making payments under the loan modification. (Middleton Affidavit, at ¶5).

**{¶5}** Appellant did not make his April 2009, May 2009, and June 2009 payments. (Middleton Affidavit, at ¶10)

{¶6} In June 2009, Appellant contacted Chase Bank USA directly concerning the status of his loan modification review and was told by Chase Bank USA to stop working with the Federal Loan Modification Program and to work directly with Chase Bank USA because the Federal Loan Modification program was not believed to be reputable.

{¶7} Chase Bank USA notified Appellant that he qualified for a Making Homes Affordable Loan Modification and he was to make payments of $526.07, in accordance with payment coupons, and that he would receive a permanent loan modification in short order. Appellant started making $526.07 payments to Chase Bank USA in July 2009. (Middleton's Affidavit, at ¶12).

{¶8} Appellant claims that he continued to make payments in accordance with the coupons and Chase Bank USA's requests. Appellant claims that Chase Bank USA continuously requested that he provide them with more financial information. (Middleton's Affidavit, at ¶13).

{¶9} Chase Bank USA never sent Appellant a permanent loan modification.

{¶10} On August 20, 2010, Appellee filed a Complaint in Foreclosure.

{¶11} On October 1, 2010, Appellee filed its motion for default judgment.

{¶12} On October 4, 2010, Appellee was granted default judgment after Appellant failed to file an answer.

{¶13} On December 15, 2011, Appellee sought an order for judicial sale of the subject property.

{¶14} On December 19, 2011, Appellant filed a Motion for Relief from Judgment.

**{¶15}** On February 10, 2012, the trial court denied Appellant's Motion primarily on the grounds that it was untimely, and Appellant failed to allege operative facts to justify the timing of the Motion.

**{¶16}** On February 24, 2012, the property was sold and purchased by Appellee Chase Home Finance, LLC.

**{¶17}** On March 5, 2012, Appellant moved the trial court for an order staying the execution of the order of sale, which is pending before the trial court.

**{¶18}** Appellant now appeals, assigning the following sole error for review:

**{¶19}** "THE TRIAL COURT ERRED IN DENYING MIDDLETON'S MOTION FOR RELIEF FROM JUDGMENT AND ERRED WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING."

**{¶20}** Appellant argues that the trial court erred in denying his Civ.R. 60(B) motion without a hearing. We disagree.

**{¶21}** Civ.R. 60 states:

**{¶22}** (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.

**{¶23}** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon

which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶24} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion must be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 406, 453 N.E.2d 648, 651 (1983).

{¶25} The decision to grant or deny a Civ.R. 60(B) motion lies within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Strack v. Pelton,* 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Appellants brought the motion under Civ.R. 60(B)(5), which is not subject to the one-year limitation. Appellants argued the motion was timely because the matter had been stayed by the bankruptcy court.

{¶26} Civ.R. 60(B)(5) applies only when a more specific provision does not apply. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983).

Appellants brought their motion under subsection (5), although their brief asserts both that appellee did not prove standing to bring the action, and also that appellee perpetrated a fraud on the court by alleging it was the holder of the note when in fact it did not produce it. Allegations of fraud are properly brought under Civ.R. 60(B)(3), which is subject to the one-year limitation.

{¶27} The trial court addressed the matter only on the law regarding subsection (5), and we will do likewise. Thus, the question of whether appellants' motion was timely is whether it was reasonable under the facts and circumstances of the case. *Colley v. Bazell,* 64 Ohio St.2d. 243, 249-250.

{¶28} The trial court found the motion was untimely. The court noted that Appellant's motion was filed more than fourteen (14) months after judgment was issued in this matter, further explaining:

{¶29} "In this instance, Defendant failed to act to protect his interests in this action from the beginning. Defendant acknowledges that he received service of the Complaint, and that the Complaint was made in the name of an entity other than the one from whom he was pursuing a loan modification, but that he chose not to respond to the Complaint. Further, even after the entry of judgment, Defendant failed to respond for more than fourteen months, until Plaintiff finally applied for an order of sale. Defendant asserted no facts in his affidavit to justify his delay. In fact, the facts set forth in Defendant's affidavit show that Defendant was able to actively pursue a loan modification by filling out and submitting multiple financial packets, a process that is more time-consuming and arduous than filing a pro se response in this action or seeking the assistance of an attorney." (Feb. 10, 2012, Judgment Entry at 2-3.)

**{¶30}**  We find the trial court did not abuse its discretion in finding the motion was untimely.

**{¶31}**  Additionally, Appellants argue that the trial court erred in not finding that Appellee failed to comply with HUD requirements, i.e. a face-to face meeting, pursuant to *U.S. Bank, N.A. v. Detweiler,* Stark App. No. 2011 CA00095, 2012-Ohio-73 .

**{¶32}**  Appellant, however, concedes that the loan in this case is not an FHA loan. Further, the Fannie Mae Servicing Guidelines would represent a contractual agreement between Appellee and Fannie Mae. Appellant would not be a party to such an agreement.

**{¶33}**  Appellant further argues the trial court erred in not conducting a hearing before ruling on his motion.

**{¶34}**  We find that the trial court, having found the motion to be untimely, did not address the merits of Appellant's motion. We find no error herein.

**{¶35}**  We find the trial court did not err in determining Appellants' motion pursuant to Civ.R. 60 (B) was untimely given the particular facts and circumstances of the case. For this reason, the court did not err in failing to conduct a hearing on the merits of the motion.

**{¶36}**  Appellant's sole Assignment of Error is overruled.

**{¶37}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.



_____


_____


_____

                                        JUDGES

JWW/d 1113

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CHASE HOME FINANCE LLC                    :
                                          :
    Plaintiff-Appellee                    :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
JACK MIDDLETON, et al.                    :
                                          :
    Defendants-Appellants                 :          Case No. 12 CA 10


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

Costs assessed to Appellant.


                                            _____


                                            _____


                                            _____

                                                  JUDGES