[Cite as *U.S. Bank Natl. Assn. v. Martz*, 2013-Ohio-4555.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-BC4 | : : : : | **O P I N I O N** |
| | | |
| Plaintiff-Appellee, | : | **CASE NO. 2013-P-0028** |
| | : | |
| - vs - | : | |
| MARSHALL J. MARTZ, et al., | : | |
| Defendants-Appellants, | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2011 CV 01493.

Judgment: Affirmed.

*Tina R. Edmondson*, *Kimberlee S. Rohr,* and *Bill L. Purtell,* Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Ronald L. Cappellazzo* and *Mark E. Owens*, 3200 W. Market Street, Suite 106, Akron, OH 44333 (For Defendants-Appellants).

DIANE V. GRENDELL, J.

{¶1}   Defendants-appellants, Marshall J. and Amie E. Martz, appeal the Entry Granting Summary Judgment and Decree in Foreclosure, issued by the Portage County Court of Common Pleas, in favor of plaintiff-appellee, U.S. Bank National Association. The issues before this court are whether the mortgagee is bound by Housing and Urban

Development regulations where the security instrument provides that it "shall be governed by federal law," whether a condition precedent that notice of acceleration be given following default is satisfied, as a matter of law, by the posting of such notice by first class mail, and whether a loan servicing agent is competent to authenticate copies of the note, mortgage, assignments, and payment history. For the following reasons, we affirm the decision of the court below.

{¶2} On November 16, 2011, U.S. Bank filed a Complaint in Foreclosure against the Martzes and others.[1] U.S. Bank alleged that it "has complied with all conditions precedent."

{¶3} On January 20, 2012, the Martzes filed their Answer, alleging the following: "Plaintiff failed to give the proper and requisite notices to the Defendants pursuant to the terms of the Note and Mortgage in which Plaintiff is now attempting to foreclose."

{¶4} On December 19, 2012, U.S. Bank filed a Motion for Summary Judgment. Attached to the Motion was the Affidavit of Steven King, an employee of Bank of America, N.A., servicing agent for U.S. Bank. King testified, in relevant part, as follows: "[The Martzes] defaulted on the note by failing to make payments due for August 1, 2010, or any subsequent installments. The indebtedness has been accelerated. The balance due on said loan in [sic] the principal sum of $93,432.10 plus interest at 2.000% per annum from July 1, 2010." Attached to King's Affidavit were copies of the note, mortgage, assignments, payment history, and the notice of default and intent to accelerate.

---

1. Other defendants, not parties to this appeal, included: Mortgage Electronic Registration Systems, Inc. and Children's Hospital Medical Center.

{¶5} On January 4, 2013, the Martzes filed their Brief in Opposition to Motion for Summary Judgment. The Martzes contended that King's Affidavit failed to lay a proper foundation for the admissibility of the attached documents, and U.S. Bank failed to comply with the required HUD regulations, specifically 24 C.F.R. 201.50(a) ("[b]efore taking action to accelerate the maturity of the loan, the lender or its agent shall contact the borrower and any co-maker or co-signer, either in a face-to-face meeting or by telephone, to discuss the reasons for the default and to seek its cure"). Attached to the Brief in Opposition was the Affidavit of Marshall Martz, who testified, in relevant part, as follows: "I did not receive a Notice of Default regarding this debt from Plaintiff or any other company. The Plaintiff did not provide an affidavit attesting to the authenticity of or mailing of any notice of default to me prior to foreclosure."

{¶6} On March 8, 2013, the court of common pleas issued its Entry Granting Summary Judgment and Decree in Foreclosure.

{¶7} On April 5, 2013, the Martzes filed their Notice of Appeal. On appeal, the Martzes raise the following assignments of error:

{¶8} "[1.] The Trial Court erred in granting summary judgment to the Plaintiff/Appellee when there was a genuine issue of material fact as to whether the Plaintiff/Appellee provided required notice of default prior to acceleration as required under the mortgage and applicable federal law."

{¶9} "[2.] The Trial Court erred when it granted summary judgment to the Plaintiff/Appellee when there were genuine issues of material fact in dispute and the Plaintiff/Appellee was not entitled to summary judgment as a matter of law."

3

{¶10} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court." *Jackson v. Moissis*, 11th Dist. Geauga No. 2012-G-3070, 2012-Ohio-5599, ¶ 20.

{¶11} In their first assignment of error, the Martzes argue that U.S. Bank failed to establish, as a matter of law, that it complied with the applicable notice requirements necessary to accelerate the payments due under the mortgage.

{¶12} The Martzes claim that U.S. Bank failed to comply with the notice provisions contained in 24 C.F.R. 201.50(a) ("[b]efore taking action to accelerate the maturity of the loan, the lender or its agent shall contact the borrower and any co-maker or co-signer, either in a face-to-face meeting or by telephone, to discuss the reasons for the default and to seek its cure") and 24 C.F.R. 203.604(b) ("[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid").

4

{¶13} It is generally recognized among Ohio courts that, "if the terms of the note and mortgage subject it to HUD regulations regarding default and acceleration, then a homeowner may use a servicer's failure to comply with those regulations to defend a foreclosure action." *BAC Home Loans Servicing, LP v. Taylor*, 9th Dist. Summit No. 26423, 2013-Ohio-355, ¶ 14 (cases cited).

{¶14} The issue in the present appeal is whether the Martzes' note and mortgage are subject to HUD regulations. The Code provisions relied upon by the Martzes would apply if the subject property secured a loan guaranteed by the Department of Housing and Urban Development. 24 C.F.R. 201.50(a) ("[t]he lender shall undertake foreclosure or repossession of the property securing a Title I loan that is in default only after the lender has serviced the loan in a timely manner and with diligence in accordance with the requirements of this part"); 24 C.F.R. 206.201(a) ("[t]his subpart identifies servicing practices that the Secretary considers acceptable mortgage servicing practices of lending institutions servicing mortgages insured by the Secretary").

{¶15} The Martzes contend that their mortgage is governed by federal law, relying on paragraph 16 of the mortgage, which provides: "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."

{¶16} The recognition of the fact that the mortgage, as with any business transaction occurring within the territorial United States, is subject to federal law does not demonstrate that the mortgage is federally insured or that federal housing regulations have otherwise been incorporated into the agreement. As U.S. Bank points

5

out, nothing in the fifteen page security instrument gives any indication that the mortgage was federally insured. There is simply no factual basis for the proposition that federal housing regulations regarding notice, default, and acceleration apply to the mortgage. The Martzes may not rely on such regulations as a defense to the foreclosure action where the regulations have no application to their mortgage with U.S. Bank. *Fifth Third Mtge. Co. v. Orebaugh*, 12th Dist. Butler No. CA2012-08-153, 2013-Ohio-1730, ¶ 33; *Chase Home Fin. LLC v. Middleton*, 5th Dist. Fairfield No. 12 CA 10, 2012-Ohio-5547, ¶ 32.

{¶17} The Martzes further rely on the notice provision contained in paragraph 22 of the mortgage, which provides:

{¶18} Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.

{¶19} The Martzes contend that a genuine issue of material fact exists as to whether U.S. Bank satisfied this condition precedent, given Marshall Martz' affidavit testimony that no notice of default was ever received by the Martzes. We disagree.

6

**{¶20}** Paragraph 15 of the mortgage provides: "Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail * * *." The notice of intent to accelerate attached to U.S. Bank's Motion for Summary Judgment is dated September 23, 2011, and contains notice that "First-Class Mail U.S. Postage and Fees Paid." King's Affidavit states that the Martzes were served with notice of the default as evidenced by the notice of intent to accelerate.

**{¶21}** Pursuant to paragraph 15 of the mortgage, U.S. Bank satisfied its duty to provide the Martzes notice of default by posting such notice by first class mail more than 30 days before filing its foreclosure action. *Fifth Third Mtge. Co. v. Wizzard*, 12th Dist. Butler No. CA2012-11-226, 2013-Ohio-3084, ¶ 31 (cases cited).

**{¶22}** Finally, U.S. Bank correctly argues that the Martzes failed to comply with Civil Rule 9(C), which provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." The Martzes denial that U.S. Bank satisfied the various notice provisions in the federal regulations and mortgage was made generally, not specifically and with particularity. Accordingly, the Martzes have waived the ability to contest U.S. Bank's compliance. *U.S. Bank Natl. Assn. v. Stanze*, 2nd Dist. Montgomery No. 25554, 2013-Ohio-2474, ¶ 17-18.

**{¶23}** The first assignment of error is without merit.

**{¶24}** In their second assignment of error, the Martzes contend that King's Affidavit failed to satisfy Civil Rule 56(E)'s requirement that affidavits be made on

7

personal knowledge with respect to the attached documents' admissibility as records of regularly conducted activity, under Evidence Rule 803(6). The Martzes argue that King could not have personal knowledge of the underlying transaction as he did not witness them enter into the mortgage with Wilmington Finance, the Lender identified therein.

{¶25} Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly.

> {¶26} [I]t is not necessary that the witness have firsthand knowledge of the transaction giving rise to the record. * * * "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)."

(Citations omitted.) *U.S. Bank Natl. Assn. v. Green Meadow SWS, LLC*, 5th Dist. Delaware No. 21 CAE 09 0069, 2013-Ohio-2002, ¶ 49.

{¶27} In the present case, King testified that he is an officer of Bank of America, N.A., U.S. Bank's servicing agent for the Martzes' mortgage. King further testified that Bank of America maintains the mortgage records in its capacity as servicer, and that he, as part of his job responsibilities, is "familiar with the type of records maintained * * * in

8

connection with the loan" and has "personal knowledge of how said records are created and maintained." King attested that he reviewed the documents attached to the affidavit and that they are "true and correct copies from the business records" maintained by Bank of America. As an employee of the mortgage's servicing agent, King properly laid the foundation for the attached records as a custodian or other qualified witness. *Keycorp Mtge., Inc. v. Shimp*, 11th Dist. Portage No. 94-P-0073, 1995 Ohio App. LEXIS 4115, 13 (Sept. 22, 1995) (mortgagee satisfied its burden on summary judgment that it was entitled to foreclosure based on the affidavit of its servicing agent).

{¶28} The second assignment of error is without merit.

{¶29} For the foregoing reasons, the Portage County Court of Common Pleas' Entry Granting Summary Judgment and Decree in Foreclosure is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.