[Cite as *Bank of Am. v. Curtin*, 2014-Ohio-5379.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, fka COUNTRYWIDE HOME LOANS SERVICING, LP, | : : : | **O P I N I O N** |
| | : | **CASE NO. 2013-P-0082** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| | : | |
| LINDA S. CURTIN, et al., | : | |
| Defendants-Appellants. | : | |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2011 CV 01447.

Judgment: Affirmed.

*Adam R. Fogelman,* Lerner, Sampson & Rothfuss, L.P.A., 120 East Fourth Street, 8th Floor, P.O. Box 5480, Cincinnati, OH 45201 (For Plaintiff-Appellee).

*Linda S. Curtin* and *Christopher S. Klima,* Pro se, 1065 Gaynelle Avenue, Streetsboro, OH 44241 (Defendants-Appellants).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Linda S. Curtin, appeals the Order and Journal Entry of the Portage County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, Bank of America, N.A., in this foreclosure action.[1] The issues before

---

1. We note that Curtin and co-defendant, Christopher S. Klima, are both identified as appellants on the Notice of Appeal, although the appellate brief only identifies Curtin as an appellant.

this court are whether a lender must comply with federal regulations regarding notice where the mortgage/loan is not federally insured and such regulations are not incorporated into the mortgage/loan documents; and whether an officer of the successor-in-interest to the original lender may authenticate business records created by the original lender. For the following reasons, we affirm the judgment of the court below.

{¶2} On November 7, 2011, Bank of America filed a Complaint in Foreclosure against Linda S. Curtin, Christopher S. Klima, Curtin's and Klima's unknown spouses, and the City of Streetsboro. The Complaint alleged that Bank of America was in possession of a Note executed by Curtin for the sum of $130,397.75 and secured by a Mortgage on property located at 1065 Gaynelle Avenue, Streetsboro, Ohio. The Complaint further alleged that the Note was in default and the debt accelerated.

{¶3} On January 9, 2012, Curtin and Klima filed their Answer, contesting the default of the Note and Bank of America's entitlement to foreclose the equity of redemption.

{¶4} On January 17, 2012, the City of Streetsboro filed its Answer, asserting a judgment lien against Curtin in the amount of $456.63.

{¶5} On July 30, 2013, Bank of America filed a Motion for Summary Judgment.

{¶6} In support of its Motion for Summary Judgment, Bank of America submitted the Affidavit of Tara M. Bradley, an "officer" of Bank of America. Bradley testified, based on business records attached to the Affidavit, that Curtin "defaulted on the note by failing to make payments due for July 1, 2011, or any subsequent installments"; "[t]he indebtedness has been accelerated"; Curtin and Klima were "served

2

with notice of their default and notice of plaintiff's intent to accelerate by letter"; and "[t]he balance due on said loan [is] in the principal sum of $130,397.75 plus interest at 6.5000% per annum from June 1, 2011."

{¶7}    On August 16, 2013, Curtin filed her Brief in Opposition to Plaintiff's Motion for Summary Judgment.  As attested by the Affidavit attached in support, Curtin "signed [the] original Note with America's Wholesale Lender and Mortgage with Mortgage Electronic Registration Systems, Inc.," and she did not recognize "the officer or other authorized agent associated with" Bank of America.  Curtin further testified that she never received notice of default, notice of acceleration of the debt, or an opportunity to cure the default.

{¶8}    On September 3, 2013, the trial court issued an Order and Journal Entry, granting Bank of America's Motion for Summary Judgment against Curtin and Klima.

{¶9}    In a separate Entry Granting Summary Judgment and Decree in Foreclosure, the trial court ordered the sale of the subject property and acknowledged the City of Streetsboro's interest in the proceeds "which interest is junior in priority to plaintiff's interest."

{¶10}   On October 3, 2013, Curtin and Klima filed a Notice of Appeal.  On appeal, Curtin raises the following assignments of error:

{¶11}   "[1.] The Trial Court erred in granting summary judgment to the Plaintiff/Appellee Bank of America, N.A., when there were genuine issues of material fact remaining as to whether all contractual and statutory conditions precedent to foreclosure were satisfied and the Bank was not entitled to summary judgment as a matter of law."

3

{¶12} "[2.] The Trial Court erred when it granted summary judgment to the Plaintiff/Appellee Bank of America, N.A., when the Bank's Affidavit failed to meet required evidentiary and summary judgment standards."

{¶13} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."  A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  "Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court."  (Citation omitted.)  *U.S. Bank Natl. Assn. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶ 10.

{¶14} In the first assignment of error, Curtin argues that Bank of America failed, as a matter of law, to demonstrate that "it has satisfied all conditions precedent by failing to show it complied with the notice of default and notice prior to acceleration requirements of the mortgage or that it made personal contact with Curtin prior to initiation of this foreclosure action."  Appellant's Brief at 9.

{¶15} Curtin relies on notice provisions contained in the Code of Federal Regulations: 24 C.F.R. 201.50(a) ("[b]efore taking action to accelerate the maturity of

4

the loan, the lender or its agent shall contact the borrower and any co-maker or co-signer, either in a face-to-face meeting or by telephone, to discuss the reasons for the default and to seek its cure") and (b) ("the lender shall provide the borrower with written notice that the loan is in default and that the loan maturity is to be accelerated * * * by certified mail"); 24 C.F.R. 203.604(b) ("[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid").

**{¶16}** Curtin's reliance on federal regulations is misplaced. This court, and others, have recognized that compliance with federal regulations is only required when the terms of the note and/or mortgage incorporate such regulations or otherwise mandate that the transaction is subject to them. *Martz*, 2013-Ohio-4555, at ¶ 13; *BAC Home Loans Servicing, LP v. Taylor*, 9th Dist. Summit No. 26423, 2013-Ohio-355, ¶ 14 (cases cited).

**{¶17}** The provisions relied upon by Curtin were only intended to apply to mortgages insured through the Department of Housing and Urban Development. 24 C.F.R. 201.50(a) ("[t]he lender shall undertake foreclosure or repossession of the property securing a Title I loan that is in default only after the lender has serviced the loan in a timely manner and with diligence in accordance with the requirements of this part"); 24 C.F.R. 203.500 ("[t]his subpart identifies servicing practices of lending institutions that HUD considers acceptable for mortgages insured by HUD").

**{¶18}** Consistent with this authority, the loan documents in the cases relied upon by Curtin either incorporate federal loan servicing regulations or subject the loan to them. *U.S. Bank, N.A. v. Detweiler*, 5th Dist. Stark No. 2011CA00095, 2012-Ohio-73, ¶

5

2 ("[t]he mortgage identifies the loan as a federally insured loan subject to the regulations of the United States Department of Housing and Urban Development"); *CitiMortgage, Inc. v. Ferguson*, 5th Dist. Fairfield No. 2006CA00051, 2008-Ohio-556, ¶ 17 ("[t]his Note does not authorize acceleration when not permitted by HUD regulations").

{¶19} Curtin cites the following provision from the Mortgage as evidence that 24 C.F.R. 201.50 and 24 C.F.R. 203.604 apply to her loan: "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." As noted above, federal law does not mandate compliance with these regulations unless the loan is federally insured. Moreover, it is the law of this jurisdiction that a mortgage provision that the "Security Instrument shall be governed by federal law" does not render the mortgage subject to 24 C.F.R. 201.50 and 24 C.F.R. 203.604. *Martz*, 2013-Ohio-4555, at ¶ 16.

{¶20} In the present case, the Note provides that, if the borrower defaults, "the Note Holder may send me [the borrower] a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid." The Mortgage provides: "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." The latter provision, at least, establishes that notice must be given before the debt may be accelerated.

{¶21} With respect to the giving of notice, the Note provides that "any notice that must be given to me [the borrower] under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address." The Mortgage provides:

6

"[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail."

**{¶22}** Curtin's Affidavit states that she has never received notice from Bank of America that she had defaulted or that the debt had been accelerated, despite Bradley's Affidavit authenticating a Notice of Intent to Accelerate, addressed to Curtin and dated November 16, 2010. Curtin concludes that, "because the issue of whether BANA actually sent the required notice to Curtin is under dispute, and such a determination requires an assessment of the affiants' credibility, a disputed material factual issue remains and summary judgment was not proper." Appellant's Brief at 5.

**{¶23}** In order to satisfy the notice provisions of the Note and Mortgage, however, it is only necessary that Bank of America demonstrate that it mailed the notice, not that Curtin actually received it. As Bank of America's evidence that notice was sent remains uncontradicted, the notice provisions must be deemed satisfied. *Martz*, 2013-Ohio-4555, at ¶ 19-21; *CitiMortgage, Inc. v. Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, ¶ 28; *LSF6 Mercury REO Invests. Trust Series 2008-1 v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 16.

**{¶24}** The first assignment of error is without merit.

**{¶25}** In her second assignment of error, Curtin asserts that Bradley's Affidavit failed to meet the summary judgment and evidentiary standards for admissible evidence. "In particular, the affiant Ms. Bradley * * * did not demonstrate sufficient personal knowledge of the records referenced in the affidavit to permit their admissibility under Evid.R. 803(6) or competency to testify as to the status of the note or mortgage account as required by Civ.R. 56(E)." Appellant's Brief at 19.

7

{¶26} Civil Rule 56(E) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

{¶27} Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." "The question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly." *Martz*, 2013-Ohio-4555, at ¶ 25.

> [I]t is not necessary that the witness have firsthand knowledge of the transaction giving rise to the record. * * * "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)."

(Citations omitted.) *U.S. Bank Natl. Assn. v. Green Meadow SWS, LLC*, 5th Dist. Delaware No. 21 CAE 09 0069, 2013-Ohio-2002, ¶ 49.

{¶28} In the present case, Bradley testified that she is an "officer" of Bank of America, titled an "Assistant Vice President." She testified that Bank of America "maintains records for the Loan"; they "are kept in the course of BANA's regularly conducted business activities"; and they are "made at or near the time of the occurrence

of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge." Bradley further testified: "I have personally reviewed the attached records, and I make this affidavit from a review of those business records and from my personal knowledge of how said records are created and maintained."

{¶29} Bradley's Affidavit satisfies Civil Rule 56(E)'s personal knowledge requirement as well as the requirements for the admission of records of regularly conducted business activity. *Ohio Receivables, LLC v. Dallariva*, 10th Dist. Franklin No. 11AP-951, 2012-Ohio-3165, ¶ 16-27; *Shawnee Assocs., LP v. Village of Shawnee Hills*, 5th Dist. Delaware No. 09-CAE-05 0051, 2010-Ohio-1183, ¶ 50 (pursuant to Evid.R. 803(6), "[r]ecords need not be actually prepared by the business offering them if they are received, maintained, and relied upon in the ordinary course of business"); *JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 25 ("JPMorgan's vice president['s] * * * affidavit demonstrated he was competent to testify about the subject note and mortgage as he reviewed the historic records of Chase Home Finance LLC and the business records relating to Glenn's loan, * * * all of which were kept in the ordinary course of regularly conducted business activity").

{¶30} The second assignment of error is without merit.

{¶31} For the foregoing reasons, the Order and Journal Entry of the Portage County Court of Common Pleas, granting summary judgment in favor of Bank of America, is affirmed. Costs to be taxed against the appellant.

9

TIMOTHY P. CANNON, P.J., concurs with a Concurring Opinion,

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

_____

TIMOTHY P. CANNON, P.J., concurring.

{¶32} I concur with the opinion of the majority. I write separately only to respond to my colleague's dissenting opinion. The dissent believes that a "denial of receipt creates a question of fact as to whether something was delivered or mailed." I do not agree this general rule should be applied to the case at hand.

{¶33} First, the relevant provisions of the note and mortgage do not require actual delivery of the notice. As discussed above, the mortgage in this case states:

> **15. Notices.** * * * Any notice to [appellant] in connection with this Security Instrument shall be deemed to have been given to [appellant] when mailed by first class mail or when actually delivered * * *.

Likewise, the note states:

> 7. GIVING OF NOTICES. * * * [A]ny notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail * * *.

{¶34} Both notice provisions declare that notice is fully accomplished when mailed by first class mail. The affidavit of Tara M. Bradley, Assistant Vice President of Bank of America, N.A., states that appellant "was served with notice of their default and notice of [appellee's] intent to accelerate by letter." The notice of default, dated November 16, 2010, informed appellant that her loan "was in serious default because the required payments have not been made." A copy of the letter, which was addressed

10

to the subject property, was incorporated into Ms. Bradley's affidavit. In appellant's affidavit, appellant avers that "[she] did not receive notice regarding acceleration of my mortgage and/or note."

{¶35} The dissent contends that appellant's affidavit creates a question of fact as to whether the November 16, 2010 letter was, in fact, sent by appellant because appellant states she did not receive it. The dissent argues that, even if delivery of the notice of default via regular mail was considered completed when mailed pursuant to both the note and mortgage, that under the "mailbox rule," appellant's affidavit which avers that notice of default was not received successfully rebuts the presumption of delivery.

{¶36} There is generally a rebuttable presumption that, once a notice is mailed, it is presumed to be received in due course. *See Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180 (1989). However, in the present case, the mortgage explicitly provided that notice of default by regular mail would be deemed "given * * * when mailed by first class mail." Therefore, the rebuttable presumption afforded by the mailbox rule is inapplicable because the contract between the parties clearly provides that notice by regular mail is considered completed "when mailed." *See, e.g., LSF6 Mercury REO Invest. Trust Series 2008-1 v. Locke,* 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499*, ¶15; Bank of New York Mellon Trust Co. v. Weatherspoon*, N.D.Illinois No. 11 C 3495, 2012 U.S. Dist. LEXIS 57959, *7-8 (Apr. 25, 2012); *U.S. Bank, N.A. v. Ramos*, N.D.Illinois No. 11 C 2899, 2013 U.S. Dist. LEXIS 51977, *18 (Apr. 11, 2013). Absent from both the mortgage and the note is a requirement that appellant must have actually received the

11

notice of default. Accordingly, even if appellant did not receive the notice of default, as she alleges, summary judgment in favor of appellee would still be appropriate.

{¶37} This position is consistent not only with other Ohio courts, but other courts throughout the country that have reviewed identical language. *See, e.g., Deutsche Bank Natl. Trust Co. v. Seplowitz*, Conn.No. CV075001419, 2007 Conn. Super. LEXIS 2383, *3 (Sept. 12, 2007) (holding that actual receipt of the notice is unnecessary if the mortgage documents lack such a provision); *Jackson v. Wells Fargo Home Mtge., N.A.*, Ala.App. No. 2120513, 2014 Ala. Civ. App. LEXIS 48, *20 (Mar. 21, 2014) (holding that borrower's assertion that he or she did not receive notice of default "does not establish a genuine issue of material fact regarding whether [the notice] was sent as required by the mortgage instrument"); *Coleman v. BAC Servicing*, Ala.App. No. 2100453, 2012 Ala. Civ. App. LEXIS 162, *24 (Jun. 22, 2012) (rejecting borrower's argument that genuine issue of material fact created by her denial that she had received notice where the mortgage only required mailing); *Taylor v. Countrywide Home Loans*, E.D.Mich. 08-13258, 2010 U.S. Dist. LEXIS 18742 (Feb. 11, 2010) ("Pursuant to the terms of the Mortgage, a notice is 'deemed to have been given to Borrower when mailed by first class mail.' Nothing in the Mortgage requires that the Borrowers, actually receive notice for notice to have been given."). Accordingly, I do not believe the dissent's reliance on the mailbox rule should defeat the evidentiary material in support of summary judgment.

{¶38} Finally, although appellant denied that she had received any notice letter, her affidavit does not dispute that appellee mailed the letter. Appellant could have conducted discovery by way of interrogatory or deposition if the sending of the letter was truly in question, but no such discovery was requested. Appellant, therefore, failed

to establish the existence of a genuine issue of material fact regarding whether notice of default was sent. *See, e.g., Hollis v. OneWest Bank, FSB*, N.D.Alabama No. 2:12-cv-04006-WMA, 2013 U.S. Dist. LEXIS 20750, *5 (Feb. 15, 2013).

**{¶39}** Accordingly, I concur with the majority opinion.

_____

THOMAS R. WRIGHT, J., dissents with a Dissenting Opinion.

**{¶40}** The majority concludes that appellant Linda S. Curtin's evidence that notice was not received is insufficient to defeat appellee Bank of America's motion for summary judgment. I disagree, and therefore dissent.

**{¶41}** In evaluating whether to grant summary judgment, we must consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Jackson v. City of Columbus*, 117 Ohio St.3d 328 (2008). Conflicting inferences must be resolved to the non-moving party's benefit. *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 272 (1993); *Byrd v. Smith*, 12th Dist. Clermont No. CA2007-08-093, 2008-Ohio-3597, ¶35.

**{¶42}** The note states that "any notice that must be given to [Curtin] under this Note will be given *by delivering it* or by mailing it by first class mail * * *." (Emphasis added.) The mortgage contains a functionally similar notice provision: "[a]ny notice to [Curtin] in connection with this Security Instrument shall be deemed to have been given to [Curtin] when mailed by first class mail *or when actually delivered* to [Curtin's] notice address if sent by other means." Mortgage Agreement, Section 15. (Emphasis added.)

13

Accordingly, the notice requirement is satisfied upon first class mailing regardless of delivery. However, if the notice is sent by other means, delivery is required.

{¶43} Although the majority cites to other Ohio courts and a decision from this court holding that an addressee's denial of receipt does not create a question of fact as to mailing, those decisions are conclusory and provide no discussion or analysis. As Professor Wigmore explains, however, most courts hold that denial of receipt creates a question of fact as to whether something was delivered or mailed:

{¶44} "Where the issue is whether the letter was *received* by the addressee, it often occurs that the addressee's testimony *denies* the arrival and receipt. This being some evidence to the negative of the issue, * * * the issue goes to the jury to decide upon the weight of the evidence. * * * Whether the letter was *mailed* often becomes the issue under the substantive law[.] * * * But suppose that the addressee testifies in *denial* of the *receipt?* If this denial be believed, then is not the nonarrival of the letter some evidence that it was never mailed? The presumption [that someone received an item based upon evidence that the item was mailed] rests upon the supposed uniform efficiency of the postal service in delivering letters duly stamped, addressed, and mailed into its custody; if therefore the efficiency is operating, does not the nonarrival of an alleged letter indicate that such a letter was never given into the postal custody? Add to this, that the testimony to the mailing comes usually from the mouth of persons who are vitally self-interested in proving the fact of mailing * * * ? (sic)

{¶45} "If therefore the addressee's testimony (also an interested witness) be believed, the nonarrival of such a letter is some evidence that no such letter was mailed; in short, it becomes essentially a question of which testimony the jury will believe;

14

therefore the case may go to the jury on that issue. This is the correct view accepted by many courts[.]" 9 Wigmore on Evidence § 2519 (1981). (Footnotes omitted.); *Blevins v. Nationwide Mut. Ins. Co.*, 6th Dist. Erie No. E-85-18, 1985 Ohio App. LEXIS 9394 at *6 (Nov. 22, 1985); *Pries v. Am. Indem. Co.*, 220 Cal. App.3d 752, 760 (1990); *Har-Con Corp. v. Aetna Casualty & Surety Co.*, 757 S.W.2d 153 (Tex.App. 1988); *Suddeth v. Commonwealth County Mut. Ins. Co.*, 454 S.W.2d 196, 197-98 (Tex.App. 1970); *Lucas v. Hesperia Golf & Country Club*, 255 Cal. App.2d 241, 247 (1967); *Allstate Ins. Co. v. Buck*, 96 Ga. App. 376, 379 (1957).

**{¶46}** Here, Bank of America attached a copy of a letter that was addressed to and allegedly provided notice to Curtin along with the affidavit of Tara M. Bradley, a Bank of America assistant vice-president, averring that "[Curtin] was *served* with notice of * * * default and notice of * * * [Bank of America's] intent to accelerate[.]" (Emphasis added.) Affidavit of Tara M. Bradley, ¶9. Nowhere in the affidavit or the note is the term "served" defined. This undefined term creates ambiguity as to whether the notice was sent via first class mail or by other means. *See CitiMortgage Inc. v. Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio 2959, ¶28.

**{¶47}** Regardless, under either scenario, summary judgment is improper. Curtin's affidavit states that she did not receive the notice. Interpreting the "served" language as meaning notice was sent by means other than ordinary mail creates a question of fact as to whether the notice of default and acceleration was delivered.

**{¶48}** Even if Bradley's statement that notice was "served" is interpreted to mean that it was sent by first class mail, Curtin's affidavit is still sufficient to defeat summary judgment. The jury could believe the letter was mailed and that either it was delivered

15

or that it simply got lost.  This of course would result in a conclusion that Bank of America prevails.  However, the jury could also believe that since the notice was not received, and since the postal service delivers that which was mailed more often than not, that the notice was not mailed.  As conflicting inferences are resolved in favor of the nonmoving party, summary judgment is improper and violates Curtin's right to have a jury decide the issue.