[Cite as *MRF Ohio One, L.L.C. v. Kerby*, 2016-Ohio-7021.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MRF OHIO ONE, LLC | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 MA 0051 |
| VS. | ) | |
| | ) | OPINION |
| CHRISTOPHER P. KERBY, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 2012 CV 1175

JUDGMENT:                    Reversed and remanded.


APPEARANCES:
For Plaintiff-Appellee        Attorney Benjamin Carnahan
                             Attorney Hunter Cavell
                             25700 Science Park Drive, Suite 250
                             Cleveland, Ohio 44122

For Defendants-Appellants     Attorney Thomas Michaels
                             839 Southwestern Run
                             Youngstown, Ohio 44514

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                             Dated: September 23, 2016

DeGENARO, J.

{¶1} Defendants-Appellants, Christopher and Mary Kerby, appeal the trial court's summary judgment and foreclosure decree in favor of MRF Ohio One, LLC. Although MRF complied with the face-to-face meeting requirement, it failed to comply with the notice of default requirement. Accordingly, the judgment of the trial court is reversed and the matter remanded for further proceedings.

## Facts and Procedural History

{¶2} Prior to MRF, two other entities held an interest in the Kerbys' residence. Originally, a promissory note was executed in favor of Countywide which was secured by an open-end Federal Housing Administration mortgage. The second lender was Bank of America (BoA), which initiated foreclosure proceedings, alleging the note was in default and attached the note and mortgage to the complaint. BoA stated that it had "performed all of the conditions precedent required to be performed by it." The Kerbys answered with a general denial and asserted several affirmative defenses, but did not allege any defense or claim regarding HUD regulations.

{¶3} MRF was substituted as the plaintiff after BoA sold the note and mortgage. In early 2015 MRF filed motions for default and summary judgment referencing the affidavit of Mary Maguire, an authorized agent of the loan servicer for MRF. Maguire averred that MRF held the note and mortgage, the principle balance and interest rate, that the last payment was received in 2009, and that MRF complied with all the applicable terms of the note and mortgage when accelerating the loan.

{¶4} The Kerbys opposed summary judgment arguing that prior to the foreclosure being filed, they were never contacted by the lender to arrange a face-to-face interview, nor did they receive notice of default pursuant to HUD regulations. The trial court granted summary judgment in favor of MRF.

## Summary Judgment

{¶5} When reviewing a trial court's decision to grant summary judgment, an appellate court review is de novo. *Parenti v. Goodyear Tire & Rubber Co.,* 66 Ohio App.3d 826, 829, 586 N.E.2d 1121 (9th Dist.1990). Summary judgment will be granted when the movant demonstrates, viewing the evidence most strongly in favor

of the nonmovant, that reasonable minds can find no genuine issue of material and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer,* 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999).

{¶6} The party seeking summary judgment must produce some facts that suggest a reasonable fact-finder could rule in its favor. *Brewer v. Cleveland Bd. of Edn.,* 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997). The movant bears the initial burden of demonstrating the record contains no issues of genuine material fact, and the nonmoving party has a reciprocal specificity burden; mere allegations or denials are insufficient. Civ.R. 56; *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶7} The Kerbys assert there are genuine issues of material fact concerning compliance with certain HUD regulations prior to initiating the foreclosure. Specifically, that BoA failed to attempt to arrange a face-to-face meeting with them and failed to properly notify them of default prior to filing the foreclosure. *See, e.g.,* 24 C.F.R. 203.604 and 24 C.F.R. 203.606 respectively. The Kerbys claims that the affidavit filed in opposition to summary judgment creates genuine issues of material fact on these issues. MRF counters that summary judgment was properly granted as the Kerbys failed to answer the complaint with specificity.

{¶8} The Note provides the following with regard to default:

> If borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This note does not authorize

acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**{¶9}** Similarly the Mortgage provides the following:

9. Grounds for Acceleration of Debt.

(a) Default. Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

&ast; &ast; &ast; &ast;

(d) In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

### 24 U.S.C § 203.604(b) - Face-to-Face Meeting

**{¶10}** In the first of two assignments of error, the Kerbys assert:

A genuine issue of fact exists as to whether Bank of America complied with the face-to-face meeting requirement contained in 24 U.S.C §

203.604(b) prior to filing a foreclosure action against defendant-appellant.

**{¶11}** C.F.R. 24 § 203.604(b) provides in relevant part:

The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced.

**{¶12}** The Kerbys contend they were not offered a face-to-face interview prior to the foreclosure being filed. MRF contends the Kerbys waived this argument by failing to plead it with particularity in the answer. We recently considered this argument in *PNC Mortgage v. Garland*, 7th Dist. No 12 MA 222, 2014-Ohio-1173:

Having determined that 24 C.F.R. 203.604 and 203.605 create conditions precedent to foreclosure, we turn to PNC Mortgage's assertion that Garland waived her 24 C.F.R. 203.604 arguments by failing to plead them with particularity in her Answer. Civ.R. 9(C) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." By contrast, "[a] denial of performance or occurrence shall be made *specifically and with particularity.*" (Emphasis added.) *Id.* Conditions precedent that are not denied in the manner provided by Civ.R. 9(C) are deemed admitted. *Fifth Third Mtge. Co. v. Orebaugh,* 12th Dist. No. CA2012–08–153, 2013–Ohio–1730, ¶ 29, citing *First Financial Bank v. Doellman,* 12th

Dist. No. CA2006–02–029, 2007–Ohio–222, ¶ 2; *see also* Civ.R. 8(D); *Huntington v. Popovec,* 7th Dist. No. 12 MA 119, 2013–Ohio–4363, ¶ 15.

Here, PNC Mortgage alleged in its Complaint that "it has satisfied all conditions precedent pursuant to the Promissory Note[,]" and that it "has satisfied all conditions precedent pursuant to the Mortgage." This is sufficient under Civ.R. 9(C) to shift the burden to Garland to assert non-compliance with specific HUD regulations.

In her Answer, Garland's allegations regarding non-compliance with HUD regulations were general in nature; she did not cite to any specific regulations:

11. Plaintiff failed to comply with the regulations issued by the Secretary of Housing and Urban Development in order to require immediate payment in full and Plaintiff failed to comply with HUD regulations prior to acceleration of the amounts due under the promissory note.

12. Plaintiff failed to comply with the regulations issued by the Secretary of Housing and Urban Development in order to require immediate payment in full and Plaintiff failed to comply with HUD regulations prior to acceleration of the amounts due under the mortgage.

Because Garland failed to state with the specificity required by Civ.R. 9(C), precisely which HUD regulations PNC Mortgage failed to comply with before filing the instant foreclosure action, she was barred from later contesting the noncompliance in her brief in opposition to summary judgment, and consequently, now on appeal. *See, e.g., Satterfield v. Adams Cty./Ohio Valley School Dist.,* 4th Dist. No. 95CA611, 1996 WL 655789, *5 (Nov. 6, 1996) (where defendant failed

to specifically deny performance of a condition precedent in its answer pursuant to Civ.R. 9(C) compliance was deemed admitted and defendant could not subsequently raise the issue on appeal.) *See also Huntington, supra* at ¶ 16 (homeowner was barred from contesting bank's performance of conditions precedent where she failed to file an answer.)

*PNC Mortgage*, ¶ 32-35.

**{¶13}** The complaint filed against the Kerbys stated that the lender had "performed all of the conditions precedent required to be performed by it." Pursuant to *PNC Mortgage*, this is sufficient under Civ.R. 9(C) to shift the burden to the Kerbys to specifically assert non-compliance with particular HUD regulations. The Kerbys' answer is less specific than the answer in *PNC Mortgage*; there is no mention of HUD, 24 C.F.R. 203.604 or a face-to face meeting. The Kerbys' reliance on *Wells Fargo Bank v. Aey* is misplaced, having been rejected in *PNC Mortgage*: "Recently, in *Wells Fargo Bank, N.A., v. Aey,* 7th Dist. No. 12MA178, 2013–Ohio–5381, this court held that 24 C.F.R. 203.604 and 203.605 could be used 'defensively' in a foreclosure action, but did not have to reach the issue of whether those HUD regulations were conditions precedent or affirmative defenses to foreclosure. *Id.* at ¶ 37–38." *PNC Mortgage* at ¶ 22.

**{¶14}** The Kerbys failed to state with the specificity required by Civ.R. 9(C) precisely which HUD regulations the lender failed to comply with. Thus, they were barred from later contesting this purported noncompliance in the trial court and on appeal. Accordingly, their first assignment of error is waived.

### 24 U.S.C. § 203.606(a) – Notice of Default

**{¶15}** In the second of two assignments of error, the Kerbys assert:

A genuine issue of fact exists as to whether Bank of America complied with the pre-foreclosure requirements contained in 24 U.S.C § 203.606 (a) prior to filling a foreclosure action against defendant-appellant.

**{¶16}** The Kerbys argue the lender failed to establish that it complied with 24 C.F.R. 203.606(a), requiring the bank to notify them of default and their intent to foreclose unless the default is cured. While the Kerbys did not specifically cite the code section, they asserted in their answer as a defense that the bank failed to follow the necessary notice procedures set forth in the mortgage before filing the foreclosure complaint. Accordingly, the Civ.R. 9(C) specificity requirement has been met by the Kerbys. Based upon a similar pleading, we reached the same conclusion in *Bank of America, N.A. v. Staples*, 7th Dist. No. 14 MA 109, 2015-Ohio-2094, ¶ 57.

**{¶17}** MRF contends that their general assertion that they have complied with all the terms of the note and the mortgage is enough. However, as MRF aptly points out in their brief, "multiple courts have held when confronted with the notice-of-default issue, a foreclosing lender need not meet the impossible burden of actually proving that a defendant actually received the notice of default. Rather, all a lender must demonstrate is that it sent the required notice."

**{¶18}** MRF relies on *Bank of America, N.A. v. Curtin*, 2014-Ohio-5379, 24 N.E.3d 1217, but this case is distinguishable for two reasons. First, it does not involve an FHA mortgage, and as such, was not subject to federal regulations regarding notice. *Id.* ¶ 23. Second, in *Curtin* the evidence that notice was sent by the lender was uncontradicted and the notice provisions were deemed satisfied.

**{¶19}** Here, at no point in this litigation has it been specifically plead that any type of notice of default had been provided to the Kerbys. Nor has any evidence thereof been filed with the trial court by the lender, attached either to the complaint or the motion for summary judgment. In the answer and in opposition to summary judgment the Kerbys specifically asserted that notice was not provided. MRF has failed to dispel that disputed fact by submitting evidence that notice of some kind was sent. Accordingly, the Kerbys' second assignment of error is meritorious.

**{¶20}** In sum, although the Kerbys have waived their argument with respect to any purported failure to comply with the face-to-face requirement, they have preserved the purported error and raised a genuine issue of the material fact of

whether the required notice of default was sent. Because MRF failed to provide evidence that it had provided notice, the trial court erred in granting summary judgment. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for further proceedings.

Donofrio, P. J., concurs.

Waite, J., concurs.