[Cite as *U.S. Bank Natl. Assn. v. Stanze*, 2013-Ohio-2474.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

U.S. BANK NATIONAL ASSOCIATION    :
                                  :       Appellate Case No. 25554
        Plaintiff-Appellee        :
                                  :       Trial Court Case No. 2011-CV-8455
v.                                :
                                  :
DARREN M. STANZE, et al.          :       (Civil Appeal from
                                  :        Common Pleas Court)
        Defendants-Appellants     :
                                  :
                   . . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of June, 2013.

. . . . . . . . . .

SCOTT A. KING, Atty. Reg. #0037582, and JESSICA E. SALISBURY, Atty. Reg. #0085038, Thompson Hine LLP, Austin Landing I, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 45342
        Attorneys for Plaintiff-Appellee

JOHN SHERROD, Mills, Mills, Fiely & Lucas, LLC, 503 South Front Street, Suite 240, Columbus, Ohio 43215
        Attorney for Defendants-Appellants

. . . . . . . . . . . .

FAIN, P.J.,

{¶ 1}    Defendant-appellants Darren and Kathy Stanze appeal from a judgment of foreclosure rendered in favor of plaintiff-appellee U.S. Bank, NA.  The Stanzes contend that the trial court erred in granting U.S. Bank's motion for summary judgment, because a genuine issue of material fact exists regarding whether U.S. Bank complied with the face-to-face

meeting requirement set forth in 24 C.F.R. 203.604.

{¶ 2} We conclude that the trial court did not err in granting summary judgment, because the Stanzes were required to, but did not, specifically plead in their answer the fact that U.S. Bank failed to comply with the face-to-face meeting requirement. As a result, any factual dispute concerning compliance with the face-to-face meeting requirement was not a dispute of material fact. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of Proceedings

{¶ 3} U.S. Bank is the holder of a note and mortgage executed by the Stanzes in February 2009. The Stanzes soon fell behind on their mortgage payments. In October 2010, the Stanzes faxed a hardship letter explaining that the Stanzes were struggling financially due to a loss of employment and a reduction in business income. The Stanzes subsequently entered into a Special Forbearance Agreement, which required the Stanzes to make four monthly payments of $769.67, and then a $7,176.46 payment by March 19, 2011.

{¶ 4} The Stanzes made the four monthly payments of $769.67, but failed to make the final payment of $7,176.46. As a result, by letter dated April 17, 2011, the Stanzes were notified that they were still in default and that failure to cure that default by paying $9,243.61 on or before May 17, 2011, could result in acceleration and foreclosure.

{¶ 5} The Stanzes failed to cure the default, and U.S. Bank accelerated the loan and commenced this action to collect the balance due on the note and to foreclose the mortgage. After the Stanzes filed their answer, U.S. Bank filed a motion for summary judgment, contending that there is no genuine issue of material fact that the Stanzes are in default and, therefore, U.S.

Bank is entitled to judgment on the balance of the note and for foreclosure of the mortgage. Dkt. 53. The Stanzes opposed the motion, asserting that U.S. Bank had failed to satisfy the condition precedent of arranging a face-to-face meeting with the Stanzes, as required by the regulations issued by the United States Department of Housing and Urban Development (HUD).

{¶ 6} The trial court granted U.S. Bank's motion for summary judgment, finding that the Stanzes had waived their argument that U.S. Bank had failed to comply with the face-to-face meeting requirement by not pleading it properly in their answer. Subsequently, the trial court rendered judgment in favor of U.S. Bank in the amount of $117,536.67, plus interest.

{¶ 7} From the summary judgment rendered against them, the Stanzes appeal.

## II. The Stanzes Waived their Argument that U.S. Bank
## Failed to Arrange a Face-to-Face Meeting

{¶ 8} The Stanzes' sole assignment of error is as follows:

THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE SOLE BASIS OF ITS ERRONEOUS CONCLUSION THAT DEFENDANTS WAIVED THE CONDITION PRECEDENT AFFIRMATIVE DEFENSE.

{¶ 9} A trial court may render summary judgment pursuant to Civ. R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the non-moving party, who is entitled to have the evidence construed most strongly in his favor. *Smith v. Five Rivers MetroParks,* 134 Ohio App.3d 754, 760, 732 N.E.2d 422 (2d

Dist.1999). "We review summary judgment decisions de novo, which means that we apply the same standard as the trial court." *GNFH, Inc. v. W. Am. Ins. Co.,* 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16 (2d Dist.). In other words, "we review the judgment independently and without deference to the trial court's determination." *Brown v. Scioto Cty. Bd. Of Commrs.,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 10} The Stanzes contend that U.S. Bank was not entitled to summary judgment, because U.S. Bank did not attempt to arrange a face-to-face meeting with the Stanzes as required by 24 C.F.R. 203.604(b), which provides, in part:

(b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced, * * * .

{¶ 11} Compliance with the HUD regulations that include the face-to-face meeting requirement is incorporated in the loan agreement between the parties.

{¶ 12} In the briefing on U.S. Bank's motion for summary judgment, and in their appellate briefs, the parties have addressed the issue of whether the face-to-face meeting requirement is a condition precedent or whether it is an affirmative defense. In its decision granting U.S. Bank's motion for summary judgment, the trial court found that "[r]egardless of whether the Stanzes' argument that foreclosure should be avoided because US Bank failed to

comply with the HUD requirements regarding a face to face meeting prior to foreclosure is an affirmative defense or a condition precedent," the Stanzes had waived this argument by not raising it in their answer.   Dkt. 63, p. 9-10.   We agree.

{¶ 13}   Civ.R. 9(C) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.   A denial of performance or occurrence shall be made specifically and with particularity."   In *Lewis v. Wal-Mart, Inc.*, 10th Dist. Franklin No. 93AP-121, 1993 WL 310411, * 3   (Aug. 12, 1993), the Tenth District Court of Appeals explained the respective parties' burdens under Civ.R. 9(C):

> Where a cause of action is contingent upon the satisfaction of some condition precedent, Civ.R. 9(C) requires the plaintiff to plead that the condition has been satisfied, and permits the plaintiff to aver generally that any conditions precedent to recovery have been satisfied, rather than requiring plaintiff to detail specifically how each condition precedent has been satisfied.[]   In contrast to the liberal pleading standard for a party alleging the satisfaction of conditions precedent, a party denying the performance or occurrence of a condition precedent must do so specifically and with particularity.   Civ.R. 9(C).   A general denial of performance of conditions precedent is not sufficient to place performance of a condition precedent in issue. * * *   The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted.

{¶ 14}   In paragraph five of its complaint, U.S. Bank states "it has satisfied all conditions prior to filing this complaint, including, but not limited to mailing the notice of acceleration to all

parties who executed the promissory note." In their answer, the Stanzes generally denied the allegations in paragraph five of U.S. Bank's complaint, but made no specific mention of the face-to-face meeting requirement. The Stanzes did not meet Civ.R. 9(C)'s requirement that "[a] denial of performance or occurrence shall be made specifically and with particularity." Therefore, the trial court did not err in its finding that the Stanzes waived their condition precedent argument by failing to raise it properly in their answer.

{¶ 15} The trial court also found that the Stanzes failed to raise the face-to-face meeting requirement as an affirmative defense in their answer. Pleading requirements for affirmative defenses are set forth in Civ.R. 8(C), which provides, in part:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

{¶ 16} "Affirmative defenses other than those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings." *Jim's Steak House v. City of Cleveland*, 81 Ohio St.3d 18, 20, 688 N.E.2d 506 (1998). The Stanzes identified twelve affirmative defenses in their answer. The Stanzes contend that two of these defenses, the sixth and twelfth, preserved their argument relating to U.S. Bank's failure to arrange a face-to-issue meeting.

**{¶ 17}** As their "Sixth Affirmative Defense," the Stanzes stated "Plaintiff's claims fail due to its own superseding material breach of contract." As their "Twelfth Affirmative Defense," the Stanzes stated "Plaintiff's failure to provide Defendant(s) with proper notice of acceleration/foreclosure under the note and/or mortgage was a condition precedent which Plaintiff failed to meet." Neither of these two defenses mention the face-to-face meeting requirement. The trial court found that none of the twelve affirmative defenses alleged by the Stanzes in their answer preserved the face-to-face meeting argument that the Stanzes raised in opposition to U.S. Bank's motion for summary judgment. We agree.

**{¶ 18}** Because the Stanzes were required to plead specifically U.S. Bank's failure to have complied with the face-to-face-meeting requirement, but did not do so, any factual dispute concerning compliance with that requirement was not an issue of material fact.

**{¶ 19}** The Stanzes' sole assignment of error is overruled.

### III. Conclusion

**{¶ 20}** The Stanzes' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Scott A. King
Jessica E. Salisbury
John Sherrod
Hon. Gregory F. Singer