[Cite as *Wells Fargo Bank, N.A. v. Scott*, **2015-Ohio-3269**.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | |
| | : | Appellate Case No. 26552 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-CV-4262 |
| v. | : | |
| | : | |
| DAVID SCOTT, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 14th day of August, 2015.

. . . . . . . . . . .

BENJAMIN D. CARNAHAN, Atty. Reg. No. 0079737, and HUNTER G. CAVELL, Atty. Reg. No. 0090567, Morris Laing Evans Brock & Kennedy, CHTD, 25700 Science Park Drive, Suite 250, Cleveland, Ohio 44122
    Attorneys for Plaintiff-Appellee

WORRELL A. REID, Atty. Reg. No. 0059620, 6718 Loop, No. 2, Dayton, Ohio 45459
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant David Scott appeals from a summary judgment of foreclosure rendered in favor of Wells Fargo Bank, N.A. We conclude that there is a

genuine issue of material fact that requires reversal of the summary judgment.

## I. Course of Proceedings

{¶ 2} In 2005, Scott executed a promissory note for $85,000 to Argent Mortgage Company, LLC. To secure the loan, Scott executed a mortgage on residential property in Huber Heights, Ohio, in favor of Argent. Wells Fargo brought this action against Scott in July 2014, seeking judgment on the note and foreclosure of the mortgage. Wells Fargo alleged in the complaint that it is a "person entitled to enforce the note," and attached an assignment from Argent to Wells Fargo, dated January 29, 2014. Scott answered the complaint, admitting that he signed the note and mortgage and raising affirmative defenses, including a challenge to the validity of the assignment of the mortgage to Wells Fargo, and the failure of Wells Fargo to meet its obligation to send a notice of default and provide him with the opportunity to cure the default prior to filing suit.

{¶ 3} Wells Fargo moved for summary judgment, supported by an affidavit averring that Scott defaulted on the Note in April, 2013, and that $79,021.76 was due and owing. The affidavit avers that "according to the records, Plaintiff is the holder of the promissory note and mortgage." Wells Fargo did attach to its affidavit, as Exh. C, a copy of a notice of default, from Ocwen Loan Servicing, addressed to Scott, which was averred to have been sent to Scott on May 7, 2013, more than a year before the filing of the lawsuit. Neither the affidavit nor the attachment specifically identifies the method of delivery to Scott. Scott filed a responsive affidavit, in which he averred that he never received written notice of default and an opportunity to cure, as required by the note and mortgage. The trial court initially overruled the motion for summary judgment,

concluding that genuine issues of material fact existed as to whether Wells Fargo had met the conditions precedent to enforcement of the note. Subsequently, Wells Fargo moved to reconsider the denial of its motion for summary judgment. Wells Fargo argued that it had presented sufficient evidence to establish that Scott had received the notice of default, and had been given an opportunity to cure, before the foreclosure action was filed. Wells Fargo relied on language in its note and mortgage, attached to the complaint as Exhs. A and B, respectively. The Note, Dkt. 1, Exh. A, ¶ 8, provides as follows:

8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of a different address.

{¶ 4} The Mortgage, Dkt. 1, Exh. B, ¶ 15, provides in pertinent part, as follows:

All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. * * *

Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by the Lender.

{¶ 5} The trial court granted the motion for reconsideration, reversing its earlier decision, specifically finding that Wells Fargo had met the conditions precedent to foreclosure by mailing the notice of default. The motion for summary judgment was sustained, and a judgment and decree in foreclosure was entered.

{¶ 6} Scott appeals, raising two assignments of error.

## II. A Trial Court May Reconsider an Interlocutory Order

{¶ 7} Scott's Second Assignment of Error alleges as follows:

THE JUDGMENT ENTRY AND DECREE IN FORECLOSURE WAS IMPROPER AS A MATTER OF LAW WHERE THE SAME WAS BASED ON A MOTION WHICH IS CONSIDERED A NULLITY UNDER OHIO LAW.

{¶ 8} "Interlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981), fn. 1. An order denying a motion for summary judgment is interlocutory, so until a final judgment is entered, a trial court may reconsider and modify it. *Citizens Fed. Bank, F.S.B. v. Brickler*, 114 Ohio App.3d 401, 411, 683 N.E.2d 358 (2d Dist.1996) ("Until a final judgment is entered in the case, the trial court may modify its decision to deny the [homeowners'] motion for summary judgment. In view of that, the court's denial of the [homeowners'] motion for summary judgment remains an interlocutory order."); *Barrett v. Waco Internatl., Inc.*, 123 Ohio App.3d 1, 11, 702 N.E.2d 1216 (8th Dist.1997) (holding that "the trial court did not commit any error by granting [the defendant]'s motion for reconsideration and by reconsidering its order denying [the

defendant]'s motion for summary judgment").

{¶ 9} In the case before us, the order overruling Wells Fargo's motion for summary judgment was interlocutory. Therefore, the trial court did not err by reconsidering it.

{¶ 10} Scott's Second Assignment of Error is overruled.

### III. A Genuine Issue of Material Fact Precludes Summary Judgment

{¶ 11} Scott's First Assignment of Error alleges as follows:

THE TRIAL COURT'S ISSUANCE OF SUMMARY JUDGMENT AND THE JUDGMENT ENTRY AND DECREE IN FORECLOSURE WERE IMPROPER AS A MATTER OF LAW WHERE THERE WERE ISSUES OF MATERIAL FACT FOR TRIAL.

{¶ 12} Scott raises two issues under his First Assignment of Error challenging the granting of summary judgment in favor of Wells Fargo. First, he contends that the mortgage assignment to Wells Fargo is invalid. Scott also contends that his affidavit adequately rebutted Wells Fargo's claim that he received notice of default, and therefore a genuine issue of fact remains as to whether all of the conditions precedent to bringing the foreclosure action were satisfied.

{¶ 13} Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, 936 N.E.2d 481, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio

St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, ¶ 29. When reviewing a summary judgment, an appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 119-20, 413 N.E.2d 1187 (1980). Therefore, the trial court's decision is not granted deference by the reviewing appellate court. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 14} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *JPMorgan Chase Bank, N.A. v. Chenoweth*, 2d Dist. Montgomery No. 25923, 2014-Ohio-3507, ¶ 20; *Nationstar Mtge., LLC v. West*, Montgomery Nos. 25813, 25837, 2014-Ohio-735, ¶ 16; *JPMorgan Chase Bank, N.A. v. Massey*, 2d Dist. Montgomery No. 25459, 2013-Ohio-5620, ¶ 20.

{¶ 15} The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact for each of the elements of its claim. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988); *Wells Fargo Bank, N.A. v. Goebel*, 2d Dist. Montgomery No. 26244, 2015-Ohio-38, ¶ 16. Only if this burden is met, the non-moving

party then has the burden of providing sufficient evidence to prove that there is a material issue of fact that is genuinely contested. *Goebel* at ¶ 17. "Throughout, the evidence must be construed in favor of the nonmoving party." *Id.* In a foreclosure proceeding, when the lender moves for summary judgment, submitting an affidavit in support of its motion, and then the borrower submits an affidavit rebutting an allegation made by the lender regarding a material issue of fact, the court must view this evidence in the light most favorable to the borrower and find that there is a genuine issue of material fact. *RBS Citizens, N.A. v. Vernyi*, 9th Dist. Summit No. 26046, 2012-Ohio-2178, ¶ 13.

{¶ 16} Scott admits that he executed the note and mortgage to Argent Mortgage Company, LLC. The document assigning the Mortgage from Argent to Wells Fargo, attached to the complaint as Exh. C, is signed not by Argent but by its attorney-in-fact, Citi Residential Lending, Inc. Scott contends that, under Ohio law, and specifically R.C. 1705.35, a limited liability company (LLC) cannot delegate authority to transfer property like a mortgage. R.C. 1705.35 provides that documents providing for acquisition of property of an LLC are valid if signed by one of the LLC members or a manager if management was not reserved to the members. Nothing in that statute prohibits an LLC from acting through a power of attorney. Pursuant to R.C. 1705.03, an LLC has broad powers. Pursuant to R.C. 1337.01, an interest in property, including a mortgage, may be transferred by a power of attorney. We have found no authority for appellant's argument that Argent was precluded from assigning the mortgage by and through a power of attorney.

{¶ 17} Although the lender is required to establish standing in order to meet its burden of proof in a foreclosure action, the borrower's ability to challenge standing by

attacking the assignment is limited. "[C]ourts in Ohio have held that 'because a debtor is not a party to the assignment of a note and mortgage, the debtor lacks standing to challenge their validity.' " *Bank of New York Mellon v. Clancy*, 2d Dist. Montgomery No. 25823, 2014-Ohio-1975, ¶ 33-35, quoting *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636, ¶ 16. A different analysis may result if the note and mortgage specifically prohibited or limited any assignment or it is established or acknowledged that the borrower is a third party beneficiary to the assignment, but that is not the case here. Accordingly, Scott has not demonstrated that he has standing to challenge the validity of the mortgage assignment.

{¶ 18} Scott also contends that Wells Fargo failed to satisfy all of the conditions precedent to foreclosure. Scott specifically stated, in his answer, that he did not receive notice of default and was not given an opportunity to cure the default. This statement in Scott's answer complied with Civ.R. 9(C), which established as a valid defense the issue of whether conditions precedent were met.

{¶ 19} "Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent subject to Civ.R. 9(C)." *First Financial Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶ 20. *See also U.S. Bank v. Stanze*, 2d Dist. Montgomery No. 25554, 2013-Ohio-2474, ¶13-18. Civ.R. 9(C) pertinently provides that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

{¶ 20} In the case before us, both the note and mortgage require that a default

notice must be given to the borrower prior to foreclosure. The mortgage states, "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *." Dkt. 1, Exh. B ¶ 22. Similarly, the note, states, "If the Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration." Dkt. 1, Exh. A, ¶ 11. The note also provides, "If I [Borrower] am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount." Dkt. 1, Exh. A, ¶ 7(C).

{¶ 21} With regard to delivery of the notice, the note provides, that "[u]nless applicable law requires a different method, any notice that must be given to me under this Note will be *given by delivering it or mailing it by first class mail* to me at the Property Address above * * *." Dkt. 1, Exh. A, ¶ 8. (Emphasis added). The mortgage provides that, "any notice to Borrower in connection with this Security Instrument shall *be deemed to have been given to Borrower when mailed by first class mail or when actually delivered* to Borrower's notice address if sent by other means." Dkt. 1, Exh. B, ¶ 15. (Emphasis added).

{¶ 22} Wells Fargo submitted evidence, through the affidavit filed in support of its motion for summary judgment, that it sent Scott notice of his default and gave him at least 30 days to cure the default. Dkt. 22. The affidavit states that this notice was sent to Scott on May 7, 2013, but the affidavit does not state whether it was sent by first class mail, as required by the contract, or by certified mail, to assure proof of delivery. *Id.* The notice is dated May 7, 2013, and is addressed to Scott at the address of the mortgaged property.

Dkt. 22, Exh. C. Scott supported his opposition to summary judgment with his own affidavit, in which he avers that he did not receive notice of default. Dkt. 29. The issue before us is whether Scott's affidavit was sufficient to create a genuine issue of fact as to whether Wells Fargo satisfied all conditions precedent to foreclosure. To determine this issue and review the summary judgment award, we must conduct a de novo review. *Mishler v. Hale*, 2014-Ohio-5805, 26 N.E.3d 1260, ¶ 19 (2d Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St. 3d 102, 671 N.E. 2d 241 (1996).

{¶ 23} The precedent established in *First Financial Bank v. Doellman,* 12th Dist. No. CA2006-02-029, 2007-Ohio-222, leads us to conclude that Scott did create a genuine issue of material fact whether a notice of default was properly sent to him because the lender failed to establish that the letter was sent by 1st class mail, as required by the terms of the mortgage and Scott submitted a contradictory affidavit that he did not receive the notice. In *Doellman*, the notice of default was not considered proper evidence because it was not attached and authenticated by the lender's affidavit and the affidavit failed to verify that the lender met the terms of the contract, which required the notice to be sent by certified mail. *Id.* at ¶ 28.

{¶ 24} We acknowledge that three other appellate districts have held that the lender meets its summary judgment burden by submitting an affidavit that it sent the notice to the borrower, without any additional proof of whether it was properly sent or whether it was actually delivered. However, one of the cases is factually distinguishable. In *U.S. Natl. Bank Assn. v. Martz ,* 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶ 21, the borrower's failure to comply with Civ.R. 9(C) led the court to conclude that the question of whether conditions precedent were met was not a genuine issue of material

fact. We agree that compliance with Civ.R. 9(C) is a threshold requirement that must be followed before the conditions-precedent defense may be pursued.

{¶ 25} In *CitiMortgage, Inc. v. Loncar,* 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, the court was presented with conflicting affidavits from the lender and borrower raising the issue of whether the notice of acceleration was received. Although the court acknowledged that the lender's affidavit was inartfully worded, and did not contain any factual assertion of the method of mailing or delivering the notice, the court, nonetheless found that the conflicting affidavits did not create a genuine issue of fact. *Id.* at ¶ 28. *See also Bank of Am., N.A. v. Curtin*, 2014-Ohio-5379, 24 N.E.3d 1217, ¶ 23 (11th Dist.); *LSF6 Mercury REO Invests. Trust Series 2008-1 v. Locke,* 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499; *U.S. Bank Natl. Assn. as Trustee c/o GMAC Mtge., L.L.C. v. Weber*, 10th Dist. Franklin No. 12AP-107, 2012-Ohio-6024, ¶ 14. We disagree with the approach taken by these cases, which focused on whether the fact that the lender was required to prove was whether the notice was actually received, rather than whether it was properly sent or delivered, and rejected the borrower's affidavit to conclude that it did not raise a genuine issue of material fact. In summary judgment proceedings a court may not weigh the evidence or judge the credibility of sworn statements, properly filed in support or in opposition to a summary judgment motion, and must construe the evidence in favor of the non-moving party. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences

are to be drawn in his favor." *Id.* at 255. "[W]hen reviewing a motion for summary judgment, a court must be careful not to weigh the evidence or judge the credibility of witnesses. * * * Instead, it must consider all of the evidence and reasonable inferences that can be drawn from the evidentiary materials in favor of the nonmoving party." *Wheeler v. Johnson,* 2d Dist. Montgomery No. 22178, 2008-Ohio-2599, ¶ 28.

{¶ 26} When a borrower complies with Civ.R. 9(C), and properly identifies a specific issue regarding the lender's compliance with conditions precedent, then that issue becomes a genuine issue that must be resolved in the foreclosure action. In the case before us, we conclude that Scott's affidavit, averring that he did not actually receive a copy of the notice of default, created a genuine issue of fact as to whether all conditions precedent had been satisfied. From Scott's affidavit avering that he did not receive the notice of default a reasonable inference can be drawn that the notice was not properly sent, since first-class mail, if not returned, is ordinarily delivered to the addressee. In the summary judgment process, when a genuine issue of fact is presented by conflicting affidavits, the trial court must reserve its judgment on the credibility of the affiants by setting the matter for trial. Only the trier of fact has the discretion to weigh the credibility of the testimony to determine the material facts.

{¶ 27} In the case before us, a reasonable inference can be drawn from the facts presented in the contradictory affidavits, when construed most strongly in Scott's favor, to indicate that a genuine issue of material fact exists regarding whether the notice of default was properly sent. Accordingly, the trial court erred by rejecting the existence of a genuine issue on whether conditions precedent were satisfied. On remand, the finder of fact must determine, after consideration of all relevant evidence submitted by both

parties, tested, where appropriate, by cross-examination, whether Wells Fargo did, in fact cause notice of default to be sent to Scott as required by the Note and Mortgage.

{¶ 28}  Scott's First Assignment of Error is Sustained.

## IV. Conclusion

{¶ 29}  Scott's First Assignment of Error having been sustained, and Scott's Second Assignment of Error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

FROELICH, P.J., concurring:

{¶ 30}  I concur that there is a genuine issue of material fact regarding compliance with the terms of the note and mortgage.  A contract term that allows the lender to proceed to foreclosure without serving the borrower with the notice of default and/or notice of acceleration, including notice of the opportunity to cure the default, defeats the purposes of the notices and frustrates principles of equity that apply to foreclosure actions.

{¶ 31}  The notice of default and notice of acceleration provisions at issue reflect an intent to provide Scott with an opportunity to cure the default.   The mortgage provides that the notice of acceleration shall specify "the action required to cure the default" and "shall further inform the borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure."   The notice of default, which Wells Fargo

avers was sent to Scott, contains numerous disclosures directed to the borrower's opportunity to cure the default and the "right to reinstate the loan", and offers to "work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives." An attachment to the notice includes a warning about foreclosure rescue scams and provides contact information for free help through HUD Approved Housing Counselors. The notice concludes with this statement regarding the lender's intention:

> If you have the desire to remedy this situation, we want to assist you in trying to reach that goal. OCWEN would like to present you with some of the alternatives that may be available to you regarding your delinquent mortgage loan. While our primary objective is the collection of past due amounts on your loan, we want to work with you to find the best alternative for you to bring your mortgage loan obligation current.

{¶ 32} The document terms express the intention of the lender to allow a meaningful opportunity to address the default before the institution of a foreclosure action. If this information is not delivered to the borrower, the purpose of providing notice of the opportunity to cure the default is not met.

{¶ 33} The parties' dispute centers around the language of the notice requirements. The note requires that notice be "given by delivering it or by mailing it by first class mail"; the mortgage provides that notice will be "deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." Wells Fargo and Scott submitted competing affidavits, with Wells Fargo stating that notice was sent by first class mail and Scott stating that it

was not received. The issue before us is whether Scott's affidavit was sufficient to create a genuine issue of fact as to whether Wells Fargo satisfied all conditions precedent to foreclosure. This requires us to interpret the terms of the agreements that address how the notice of default is to be given to the borrower.

{¶ 34} The notice provision in the note uses different terms, including "mailed," "delivered," and "given." While the term "mailed" does not necessarily imply actual receipt, the ordinary meaning of the terms "delivered" and "given" imply that the intended recipient actually obtains a copy of the notice. The mortgage requires the default notice to be in writing and "deems" it to have been "given" when it is mailed to the borrower (although it does not deem it to have been given to the lender when it is mailed by the borrower; notice to the lender requires proof that the lender actually received the notice.) The ordinary meaning of the verb "deemed" means "regarded as or considered in a specific way."[1]

{¶ 35} Deeming something to have occurred is no different than the legal concept of creating a presumption. Civ.R. 4.6 uses the word "deemed" in reference to service by regular mail, providing that "[s]ervice is deemed complete when the fact of mailing is entered of record," and it is well established that regular mail service creates a rebuttable presumption of service. *Griffin v. Braswell,* 187 Ohio App.3d 281, 2010-Ohio-1597, 931 N.E.2d 1131, ¶ 15 (6th Dist.). In my view, the language of the notice provisions of the note and mortgage, read in the context of the entire agreements, means that the mailing of a notice by first class mail creates a rebuttable presumption that notice has been given.

---

[1] http://www.oxforddictionaries.com/us/definition/american_english/deem (accessed July 1, 2015).

{¶ 36} The notice provision of the mortgage, just as Civ.R. 4.6, does not use the phrase "irrebuttably deemed," or any other language that mandates that mere mailing is, per se, sufficient. It is also significant that the terms of the note require the notice to be in writing and delivered or mailed by first class mail, but does not contain the same "deeming" language or any other language that may create a rebuttable or irrebuttable presumption of service.

{¶ 37} In addition, equitable principles, particularly those involved in foreclosure actions, support a conclusion that a borrower must receive a notice of default or notice of acceleration prior to the institution of a foreclosure action. Foreclosure actions arise in equity, and "when a party raises an equitable defense, it is the responsibility of the court to weigh the equitable considerations." *Wells Fargo Bank, N.A. v. Goebel*, 2d Dist. Montgomery No. 26244, 2015-Ohio-38, ¶ 22-23. In Ohio, a mortgagor has an equitable and statutory right of redemption, which allows the mortgagor to redeem the property in foreclosure at any time prior to confirmation of sale. *See, e.g., Wells Fargo Bank, N.A. v. Young*, 2d Dist. Darke No. 2009 CA 12, 2011-Ohio-122, ¶ 23; H*ausman v. Dayton*, 73 Ohio St.3d 671, 676, 653 N.E.2d 1190 (1995), citing *Women's Fed. Sav. Bank v. Pappadakes*, 38 Ohio St.3d 143, 146, 527 N.E.2d 792 (1988). A borrower is only able to meet the conditions of redemption and make arrangements to address the default when the borrower is made aware of the options available. Equitable principles provide support for a court to interpret and apply the terms of the note in a way that promotes the opportunity to cure a default.

{¶ 38} Contracts between lenders and consumers may be approached with some skepticism, when one-sided rules favor the party with much greater bargaining power.

*Williams v. Aetna Fin. Co.*, 83 Ohio St. 3d 464, 472, 700 N.E.2d 859 (1998). For example, in the case before us, the contract term in the mortgage regarding service of notices is one-sided by allowing any notice to served on the borrower by simply placing it in the mail, but requiring actual receipt by the lender for any notice that must be served on the lender. It is not that the mortgage contract is invalid as a contract of adhesion; rather, I am concluding that the principles of equity under the facts and circumstances of this case dictate that a provision of the mortgage and note should be interpreted in a way to best effectuate the rights of the parties, including the borrower's opportunity to cure a default.

{¶ 39} Proving notice is not an impossible burden on lenders. Lenders, as well as all other persons who initiate litigation, are compelled to provide defendants with notice of the complaint and summons in order to complete service of process in accordance with the Rules of Civil Procedure. It is not overly burdensome to expect lenders to notify borrowers in a manner similar to that established by the Civil Rules for service of process. As a practical matter, the burden is no greater on the lender to establish compliance than it is on the borrower to establish lack of service.

{¶ 40} Each could present affidavits or engage in discovery to establish the pertinent facts. Proof of service of the notice could be evidenced by the testimony of the servicing agent(s) who had verbal contact with Scott regarding his default. The lender can use requests for admissions, take Scott's deposition, or employ any other discovery method to challenge the believability of his protestations of non-receipt. The lender could explain its routine practices, how service of the notice was processed, when and where the notice was sent, or what other verbal and written communications were made

with the borrower regarding the default. The borrower could present facts to establish why the notice was not received, including the dates when the borrower occupied and vacated the residence and the last date and content of any communication made with the lender regarding the status of the loan.

{¶ 41} The trier of fact's responsibility to determine the factual issue of receipt of the notice is similar to the court's role in evaluating a Civ.R. 60(B) motion when a defendant supports the motion with a self-serving affidavit that he or she did not receive service of process: the court may hold a hearing to determine the affiant's credibility. *E.g.*, *Portfolio Recovery Assoc., L.L.C. v. Thacker*, 2d Dist. Clark No. 2008 CA 119, 2009-Ohio-4406, ¶ 31; *Cincinnati Ins. Co. v. Lafitte*, 2d Dist. Montgomery No. 21055, 2006-Ohio-1806, ¶ 7. After conducting a hearing and evaluating the testimony on the matter, a trial court is permitted to find that the defendant's evidence and testimony is not sufficiently credible and that the presumption of valid service of process has not been satisfactorily rebutted, or the court may find that there was not compliance in which case the judgment must be vacated. *See, e.g., Thacker* at ¶ 31; *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.*, 113 Ohio App.3d 233, 238-39, 680 N.E.2d 725 (2d Dist.1996); *Lafitte* at ¶ 8.

{¶ 42} I would conclude that Wells Fargo's affidavit that service was sent created a rebuttable presumption of service of the notice, but Scott's affidavit, averring that he did not receive a copy of the notice of default, sufficiently rebutted the presumption that all conditions precedent had been satisfied. For summary judgment purposes, the burden then shifted back to Wells Fargo to prove that it did comply with the requirements in the note and mortgage to prevail on its summary judgment motion.

. . . . . . . . . . . . .

HALL, J.,dissenting:

{¶ 43} I would affirm the summary judgment granted by the trial court. Here the notice provisions in both the Mortgage and the Note require that on default, notice must be sent to the borrower. The Mortgage states, in paragraph 22: "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *." Similarly, the Note, in paragraph 7(C) states: "If I [Borrower] am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount." The Note further provides, in paragraph 8, that "any notice that must be given to me under this Note will be given by delivering it or mailing it by first class mail to me at the Property Address above * * *." Both the Mortgage and the Note give the borrower at least 30 days after the notice is "given" (paragraph 22 of the Mortgage) or "mailed" (paragraph 7(C) of the Note) to cure the default. None of these provisions requires the borrower to have received the sent notice.

{¶ 44} Wells Fargo submitted uncontradicted evidence that it sent Scott notice of his default and gave him at least 30 days to cure. Attached to its summary-judgment motion is a supporting affidavit, attached to which is a copy of a notice of default. The affidavit states that this notice was sent to Scott on May 7, 2013. The notice is dated May 7, 2013, and is addressed to Scott at the address of the mortgaged property. The notice states that Scott has until June 7, 2013, to bring his account current before the right to

foreclosure may be sought. Scott supported his opposition to summary judgment with only his own affidavit. In it he avers that he did not receive notice of default. But he does not aver that notice was never sent.

{¶ 45} Wells Fargo's evidence, that notice of default was sent to Scott is uncontradicted, so the notice provisions in the Mortgage and Note are satisfied. An affidavit by the borrower that he did not receive the notice under these circumstances does not raise a genuine issue of material fact. *Bank of Am., N.A. v. Staples*, 7th Dist., Mahoning No. 14 MA 109, 2015-Ohio-2094, ¶ 67 (notice requirement required only mailing and the lack of confirmation of delivery did not preclude summary judgment), *citing* with approval *Wells Fargo Bank v. Murphy*, 7th Dist. Mahoning No. 13 MA 35, 2014-Ohio-2937 at ¶¶ 32–37 (an appellant's sworn statement that he did not receive notice does not create genuine issue precluding summary judgment where bank's affidavit stated that the notice was mailed); *LSF6 Mercury REO Invests.Trust Series 2008-1 c/o Vericrest Fin., Inc. v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶¶ 14-16 (judgment appropriate when mortgage provided that notice of default was complete upon mailing despite defendant's averment that he did not receive the notice.) *Compare Bank of Am. v. Curtin*, 2014-Ohio-5379, 24 N.E.3d 1217, ¶ 23 (11th Dist.) ("In order to satisfy the notice provisions of the Note and Mortgage, * * * it is only necessary that [the bank] demonstrate that it mailed the notice, not that [the borrower] actually received it. As [the bank]'s evidence that notice was sent remains uncontradicted, the notice provisions must be deemed satisfied.").

{¶ 46} Contrary to the opinions of my colleagues, I agree with the holdings of the Seventh, Tenth and Eleventh Districts that when evidence is presented to show a default

notice was mailed, and the note or mortgage provide that notice is complete upon mailing, summary judgment is appropriate when mailing is uncontradicted. An affidavit by the borrower that he did not receive the notice may present a theoretical or hypothetical question but it does not create a genuine issue of material fact about whether the notice was sent. I would affirm the judgment of the trial court.

. . . . . . . . . . . .

Copies mailed to:

Benjamin D. Carnahan
Hunter G. Cavell
Worrell A. Reid
Nolan Thomas
Hon. Michael W. Krumholtz